1   Michael J. Pérez, State Bar No. 151039
    PEREZ & WILSON LLP
2   1420 Kettner Boulevard, Suite 600
    San Diego, California 92101
3   Telephone: 619.702.8044
    Facsimile: 619.460.0437
4   perez@perezwilson.com

5

6   Attorneys for Defendant COUNTY OF IMPERIAL

7

8

9                      UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12  KATHERINE AVILLA OWEN, an          Case No. 08 CV 1767 L (NLS)
    individual,
13                                     **Judge:  Hon. M. James Lorenz**

14         Plaintiff,                  **DEFENDANT COUNTY OF IMPERIAL'S
                                       NOTICE OF MOTION AND MOTION
15  v.                                 FOR MONETARY AND TERMINATING
                                       SANCTIONS**
16  COUNTY OF IMPERIAL and DOES 1
    through 30,                        Date:     January 12, 2010
17                                     Time:     9:30 a.m.
                                       Judge:    Hon. Nita L. Stormes
18         Defendant.
                                       Complaint Filed:  September 26, 2008
19

20

21

22         TO PLAINTIFF AND TO HER ATTORNEY OF RECORD:

23         PLEASE TAKE NOTICE that on January 12, 2010, at 9:30 a.m., or as soon thereafter as

24  this matter may be heard in the above-referenced Court, defendant COUNTY OF IMPERIAL

25  ("Defendant") will move this Court pursuant to Rule 16(f) and Rule 37 (b)(2) of the Federal Rules

26  of Civil Procedure, for an order as set forth below:

27         1.      Compelling plaintiff Katherine Avilla Owen (hereinafter "Plaintiff") to pay the

28  reasonable legal fees and related travel costs incurred by defendant County of Imperial to attend

1  the Mandatory Settlement Conference in the above captioned matter on November 17, 2009, as

2  ordered by U.S. Magistrate Judge Nita L. Stormes;

3          2.          Imposing terminating sanctions against Plaintiff for her willful failure to prosecute

4  this litigation;

5          3.          Awarding defendant County of Imperial it's reasonable expenses incurred in

6  making this Motion to obtain this relief, including attorneys' fees, because of Plaintiff's willful

7  disobedience of this Court's Orders; and,

8          4.          Such other and further relief as this Court may deem just and proper.

9          This Motion is made on the grounds that the public has an interest in expeditious litigation,

10 the court has a need to manage its dockets, and defendant County of Imperial has and will

11 continue to be prejudiced by Plaintiff's lack of diligence in prosecuting this matter.  This Motion

12 will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the

13 accompanying affidavit of Kris M. Becker, the accompanying affidavit of Michael J. Pérez, the

14 complete files and records of this action, and upon such other and further evidence or argument as

15 the Court may hear or receive.

16

17 DATED:  December 15, 2009                    PEREZ & WILSON LLP

18

19                                                              By: _____s/s Michael J. Pérez_____

20                                                                     Michael J. Pérez
                                                                       Attorneys for Defendant
21                                                                     COUNTY OF IMPERIAL

22

23

24

25

26

27

28

1  Michael J. Pérez, State Bar No. 151039
   PEREZ & WILSON LLP
2  1420 Kettner Boulevard, Suite 600
   San Diego, California 92101
3  Telephone: 619.702.8044
   Facsimile: 619.460.0437
4  perez@perezwilson.com

5

6  Attorneys for Defendant COUNTY OF IMPERIAL

7

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  KATHERINE AVILLA OWEN, an        Case No. 08 CV 1767 L (NLS)
    individual,
13                                   **Judge:  Hon. M. James Lorenz**

14        Plaintiff,                 **DEFENDANT COUNTY OF IMPERIAL'S
                                     MOTION FOR MONETARY AND
15  v.                               TERMINATING SANCTIONS**

16  COUNTY OF IMPERIAL and DOES 1    Date:     January 12, 2010
    through 30,                      Time:     9:30 a.m.
17                                   Judge:    Hon. Nita L. Stormes

18        Defendant.                 Complaint Filed:  September 26, 2008

19

20

21

22        Defendant County of Imperial ("Defendant"), hereby submits the following memorandum

23  of points and authorities in support of it's motion for monetary and terminating sanctions pursuant

24  to the Federal Rules of Civil Procedure, Rule 16(f) and Rule 37(b)(2).

    **I.   INTRODUCTION**
25
          Plaintiff Katherine Avilla Owen ("Plaintiff") makes a number of claims against the County
26
    of Imperial arising out of Plaintiff's arrest by the Imperial County Sheriff's Department for an
27
    outstanding warrant based on excessive and harassing 911 telephone calls to the Imperial Police
28

Department. Plaintiff is suing Defendant for battery, negligence and violation of the Americans with Disabilities Act of 1990.  Plaintiff claims that when she was arrested she was held in an improper holding facility with a heroin addict. Plaintiff also alleges that she was knocked down by other inmates as she exited her cell.   These acts, according to Plaintiff, constitute battery. (Complaint, Count 1.)  Plaintiff also claims Defendant was negligent by not accommodating her medical condition, including a failure to provide Plaintiff with medication during her incarceration. (Complaint, Count 2.)  Lastly, Plaintiff claims that Defendant violated the ADA by denying her "the bare necessities to accommodate Plaintiff's disabilities like Plaintiff's medication, covering, a cushioned mattress, [and] Plaintiff's orthodox . . . ." (Complaint, Count 3.)

Defendant denies that Plaintiff was mistreated in any manner whatsoever.  Defendant acted in accordance with its lawful intake procedures during Plaintiff's incarceration.

Plaintiff's allegations are false, and her claims are meritless.

## II.  FACTUAL BACKGROUND

Throughout the course of this litigation Plaintiff has made settlement demands only to retract those demands once delivered.  (Declaration of Michael J. Pérez ("Pérez Dec."), ¶ 2.) Moreover, Plaintiff has twice advised counsel for Defendant of her intention to dismiss this matter in its entirety but has failed to do so.  Pérez Dec., ¶ 3.  On August 21, 2009, Plaintiff went so far as to serve a document which included in its caption a "Request to Dismiss Action Without Prejudice." Pérez Dec., ¶ 4, Exhibit 1.  However, Plaintiff never filed a Request for Dismissal.

Plaintiff's approach to this litigation has created great uncertainty as to how this matter should proceed. Counsel for Defendant is concerned about incurring discovery costs and fees for a matter which Plaintiff seemingly desires to dismiss on her own accord. Pérez Dec., ¶ 5.

Meanwhile, there are key witnesses who are becoming increasingly difficult to locate as time passes on without prosecution of this case.  For example, the following witnesses are now extremely difficult to locate with the passage of time: 1) Plaintiff's neighbors who were the subject of her numerous 911 telephone calls; 2) inmates who may or may not have been housed with Plaintiff while she was in custody and possibly witnessed the alleged acts; 3) jail employees who may have been percipient witnesses to the alleged occurrences; and, 4) third party vendors

1   working at Defendant's holding facility who may or may not be percipient witnesses.  Declaration
2   of Kris M. Becker ("Becker Dec."), ¶ 5, Pérez Dec. ¶ 6.

3       On November 17, 2009, this Court scheduled a Mandatory Settlement Conference in
4   which all parties were required to appear.  Defendant and its counsel appeared. Becker Dec., ¶ 2;
5   Pérez Dec., ¶¶ 7 -8.  Plaintiff did not appear.  *Id*.

6       On November 18, 2009, this Court scheduled an Order to Show Cause Hearing.  Thus far,
7   Plaintiff has failed and refused to submit any documents in connection therewith.

8   **III. LEGAL STANDARD**

9       Federal Rules of Civil Procedure, Rule 16(f) provides that, "[T]he court may issue any just
10  orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails
11  to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate
12  — or does not participate in good faith — in the conference; or (C) fails to obey a scheduling or
13  other pretrial order."  The Court may impose fees and costs in addition to any other sanction.
14  Moreover, Rule 37(b)(2) of the Federal Rules of Civil Procedure provide that sanctions may be
15  imposed which result in, "(iii) striking pleadings in whole or in part . . . (v) dismissing the action
16  or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party;
17  or (vii) treating as contempt of court the failure to obey any order except an order to submit to a
18  physical or mental examination."  Rule 37 also permits the imposition of expenses.

19      In considering a motion to dismiss for failure to prosecute, a Court considers "(1) the
20  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
21  (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases
22  on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451
23  (9th Cir. 1994).  In deciding whether to impose case-dispositive sanctions, the most critical factor
24  is not merely delay or docket management concerns, but truth. "What is most critical for case-
25  dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the
26  discovery violations 'threaten to interfere with the rightful decision of the case.'" Conn. Gen. Life
27  Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. Cal. 2007) [quoting Valley
28  Eng'rs v. Electric Eng'g Co, 158 F.3d 1051, 1057 (9th Cir. 1998)].

1    The factors of expeditious resolution of litigation and this Court's need to manage its

2    docket weigh heavily in favor of terminating sanctions.   Plaintiff has failed and refused to

3    diligently prosecute this matter as evidenced by her recent non-appearance.

4    Moreover, Defendant will be prejudiced in that witnesses connected with the allegations in

5    Plaintiff's complaint have and will continue to disappear with the passage of time.

6    Finally, public policy favors the disposition of cases on their merits.   In this matter,

7    Plaintiff has not produced any credible information that the County of Imperial was derelict or

8    irresponsible in their duties while incarcerating Plaintiff.  Indeed, the key fact alleged by Plaintiff

9    is ***not*** that she was illegally incarcerated but rather that she was knocked down by another inmate

10   (not Defendant) and that reasonable accommodations were not made for Plaintiff's disabilities.

11   This Court has had first-hand contact with Plaintiff and can weigh her credibility as a witness, and

12   this Court can assess Plaintiff's disabilities based on its experiences with Plaintiff.

13   Federal Rule of Civil Procedure 16(f) states that a Court may order sanctions as provided

14   in Rule 37(b)(2) if a party or its attorney fails to appear at a scheduling conference or fails to obey

15   a scheduling or other pretrial order. Rule 37(b)(2) provides for the sanction of rendering a default

16   judgment against the disobedient party.   Based thereon, Defendant respectfully request that this

17   Court impose monetary and terminating sanctions upon Plaintiff for her willful disobedience of

18   this Court's Orders and for Plaintiff's failure to diligently prosecute this case.

19   **IV. CONCLUSION**

20   For the foregoing reasons, Defendant respectfully requests that the Court grant their

21   Motion for Monetary and Terminating Sanctions, and dismiss Plaintiff's lawsuit against

22   Defendant County of Imperial with Prejudice.

23   DATED:  December 15, 2009            PEREZ & WILSON LLP

24

25                                        By:  _____ s/s Michael J. Pérez _____

26                                              Michael J. Pérez
                                              Attorneys for Defendant
27                                              COUNTY OF IMPERIAL

28

Michael J. Pérez, State Bar No. 151039
PEREZ & WILSON LLP
1420 Kettner Boulevard, Suite 600
San Diego, California 92101
Telephone: 619.702.8044
Facsimile: 619.460.0437

Attorneys for Defendant COUNTY OF IMPERIAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE AVILLA OWEN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF IMPERIAL and DOES 1 through 30,<br><br>Defendants. | Case No. 08-CV-1767 L (NLS)<br><br>**DECLARATION OF MICHAEL J. PEREZ IN SUPPORT OF MOTION FOR MONETARY AND TERMINATING** |

I, Michael J. Pérez, declare as follows:

1.      I am an attorney duly licensed to practice law before all the courts of this state and the United States District Court for the Southern District of California.  I am an attorney with Pérez & Wilson LLP, counsel of record for defendant County of Imperial in the above referenced matter.  I have personal, firsthand knowledge of the facts set forth herein, and could and would competently testify to them if called to do so.

2.      Throughout the course of this litigation plaintiff Katherine Avilla Owen ("Plaintiff") has made settlement demands only to retract those demands.  Without going into detail, Plaintiff has seemingly made requests for settlement which were not made in good faith.

3.     On at least two occasions Plaintiff has advised me of her intention to dismiss this matter in its entirety but has failed to do so.  Indeed, my efforts to follow up with Plaintiff on her dismissal intentions via telephone and letter have proved frivolous.

4.     On August 21, 2009, Plaintiff served my offices with a document which included in its caption a "Request to Dismiss Action Without Prejudice."  However, it does not appear that Plaintiff ever filed this document with the Court.  A true and correct copy of the document which was served upon Pérez & Wilson LLP on or about August 21, 2009 is attached hereto as Exhibit 1.

5.     As counsel for the County of Imperial, it is imperative that I not only defend actions filed against the County of Imperial but also do so in a cost effective manner.  In this lawsuit, Plaintiff's approach to this litigation has created great uncertainty as to how this matter should proceed. I cannot in good faith incur discovery costs and fees for a matter which Plaintiff seemingly desires to dismiss on her own accord.

6.     Key witnesses are becoming increasingly difficult to locate in connection with this lawsuit as a result of Plaintiff's failure to prosecute this case.  For example, the following witnesses are now extremely difficult to locate with the passage of time: 1) Plaintiff's neighbors who were the subject of her numerous 911 telephone calls; 2) inmates who may or may not have been housed with Plaintiff while she was in custody and possibly witnessed the alleged acts; 3) jail employees who may have been percipient witnesses to the alleged occurrences; and, 4) third party vendors working at Defendant's holding facility who may or may not be percipient witnesses.

7.     On November 17, 2009, this Court scheduled a Mandatory Settlement Conference in which all parties were required to appear.  Defendant County of Imperial and I appeared at the Mandatory Settlement Conference.

8.     Plaintiff did not appear at the November 2009 Mandatory Settlement Conference.

9.     I submit this declaration in support of defendant County of Imperial's motion which seeks: a) an Order compelling plaintiff Katherine Avilla Owen to pay the reasonable legal fees and related travel costs incurred by the defendant County of Imperial to attend the Mandatory Settlement Conference on November 17, 2009, as ordered by U.S. Magistrate Judge Nita L. Stormes;  b) an Order imposing terminating sanctions against Plaintiff for her willful failure to

pursue this litigation; c) an Order awarding defendant County of Imperial it's reasonable expenses incurred in making this Motion to obtain this relief, including attorneys' fees, because of Plaintiff's willful disobedience of this Court's Orders; and, d) an Order for such further relief as this Court may deem just and proper.

10.     I have and will invoice defendant County of Imperial $1,500.00 for legal fees incurred in connection with the November 17, 2009 Mandatory Settlement Conference, the Order to Show Cause Hearing and this Motion for Monetary and Terminating Sanctions.  This amount represents my reasonable legal fees at the billable rate of $300.00 per hour for five hours including one hour to prepare for and attend the November 17, 2009 Mandatory Settlement Conference, and four hours to prepare and file this motion for monetary and terminating sanctions and attend the hearing thereon.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in El Centro, California, on December 15, 2009.

DATED:  December 15, 2009                    s/s Michael J. Pérez
                                                              Michael J. Pérez

**EXHIBIT 1**

KATHERINE OWEN, IN PRO PER (760) 693-2294
POB 124510
SAN DIEGO, CA 92112-4510
(760) 693-2294

IN PRO PER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of: | Case No.: 08cv2082 JM(POR) |
| KATHERINE AVILLA OWEN, | RESPONSE TO ORDER TO SHOW CAUSE; STATUS OF CASE;REPORT OF |
| Petitioner, | MISCONDUCT BY MAGISTRATE NITA STORMES; REQUEST TO DISMISS |
| and | ACTION WITHOUT PREJUDICE |
| DENNIS MORITA, et al., | |
| Respondent | Hon Judge: Jeffrey T. Miller |

## I.    Status of Case

### a.  Criminal matter.

On March 18, 2009, Petitioner endured a corrupted criminal trial that included the Judge, M. Contreras testifying for a police officer, demonstrating prejudice for Petitioner's case and influencing the jury, jury tampering, withholding of Petitioner's evidence of corruption from the jury by the Judge and collusion between the District Attorney's Office and my own attorney, Adriana Cespedes.  Consequently, Petitioner was convicted of the misdemeanor calling 911 to harass or annoy.   The matter is currently being appealed for the reasons stated in the Motion for New trial submitted by Petitioner for your review.  **(See Exh 2)** Furthermore a request for investigation has been made into the Petitioner's charge of Public Corruption to the United States Attorney General Eric Holder.

### b. Settlement Conference bias and misconduct

Petitioner wants to be on the record to notify this court of the <u>misconduct</u> of Michael Perez and Magistrate Nita Stormes. Both individuals <u>failed to disclose</u> they were co-workers at the Federal Prosecutor's Office. Moreover, Magistrate Stormes <u>abused</u> her position to provide and demonstrate <u>favoritism</u> in the settlement conferences toward her former colleague, Mr. Michael Perez. Petitioner has filed a complaint with the Judicial Commission and also will file a complaint with the State Bar against Michael Perez. **(See Ex. 1, Declaration by Petitioner)**

. Petitioner is an Immigration Attorney and former JAG (Judge Advocate General) of the United States Army and Petitioner is <u>appalled</u> at the level of <u>public corruption</u> manifesting itself in the United States and affecting the <u>integrity</u> of our courts and judicial officers as well as attorneys, especially the District Attorney's Office in Imperial County. Petitioner is saddened to reveal that the corruption did not stop in Imperial County, but revealed itself in the Federal District Court by Michael Perez and Magistrate Nita Stormes. Although Mr. Perez is a <u>popular</u> attorney in San Diego County, it gives him no right to use that reputation to influence proceedings nor does it permit Magistrate Stormes to abuse her status and affiliation with him to do the same. Judges are sworn to protect the vulnerable and indigent and not to abuse their authority.

**b. Proofs of Service**

Petitioner has served all the parties with copies of the summons and complaint except the 911 Operators and the Sheriff's Department, but has not filed the proofs of service because she needs assistance to retrieve them from storage.

**c. Exasperation of Petitioner's Health as explanation for inability to pursue claims**

This is the first opportunity due to Petitioner's fading health, she has had to submit an explanation to the court of Petitioner's circumstances and inability to proceed with her claims.

Petitioner, due to threats directly and indirectly made to her by the Drug Dealer, Marco Antonio Palacios, aka Marco Antonio Ruvalcaba, a convicted felon and the Imperial police decided to leave her home in Imperial and move quickly after the trial. Consequently,

Petitioner is under medical care because of the exasperation of her service-connected disabilities, which have been rated by the Department of Veteran's Affairs at 90%. Petitioner suffers with post traumatic stress syndrome directly related to the attacks by the drug dealer on her property, the Imperial police harassment and the stress of being the defendant in a corrupted criminal trial.

Moreover, the extent of the influence of <u>corruption</u> in the <u>judicial process</u> and its manifestation in Petitioner's case served to further aggravate Petitioner's service-connected disabilities because of Petitioner's knowledge of the wrongdoing being done to her under the law.

e. **Request to dismiss actions without prejudice**

As a result, of the pending appeal of the criminal case and Petitioner's health concerns, she requests the matter is dismissed without prejudice. Petitioner will file the proofs of service, but will need some time because they have been placed in storage.

Dated this 20th day of August, 2009

KATHERINE OWEN
KATHERINE OWEN, IN
PRO PER (760) 693-2294
POB 124510
SAN DIEGO, CA 92112-4510
(760) 693-2294

IN PRO PER

1  Michael J. Pérez, State Bar No. 151039
   PEREZ & WILSON LLP
2  1420 Kettner Boulevard, Suite 600
   San Diego, California 92101
3  Telephone: 619.702.8044
   Facsimile: 619.460.0437
4

5  Attorneys for Defendant COUNTY OF IMPERIAL

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  KATHERINE AVILLA OWEN,            )   Case No. 08-CV-1767 L (NLS)
                                      )
12                                    )   **DECLARATION OF KRIS M. BECKER IN**
                        Plaintiff,    )   **SUPPORT OF MOTION FOR MONETARY**
13                                    )   **AND TERMINATING SANCTIONS**
                 v.                   )
14                                    )
                                      )
15  COUNTY OF IMPERIAL and DOES 1     )
    through 30,                       )
16                                    )
                                      )
17                      Defendants.   )
                                      )
18                                    )
                                      )
19  _____

20        I, Kris M. Becker, declare as follows:

21        1.      I am an attorney duly licensed to practice law before all the courts of this state and

22  the United States District Court for the Southern District of California.  I am Senior Deputy

23  County Counsel for the County of Imperial located at 940 West Main Street, Suite 205, El Centro,

24  CA  92243. I have personal, firsthand knowledge of the facts set forth herein, and could and would

25  competently testify to them if called to do so.

26        2.      A Mandatory Settlement Conference was set for November 17, 2009.  As required,

27  I traveled from El Centro to the federal courthouse in San Diego for the sole purpose of attending

28  the Mandatory Settlement Conference.  Plaintiff did not appear.

3.    I submit this declaration in support of defendant County of Imperial's motion which seeks: a) an Order compelling plaintiff Katherine Avilla Owen (hereinafter "Plaintiff") to pay the reasonable legal fees and related travel costs incurred by defendant County of Imperial to attend the Mandatory Settlement Conference in the above captioned matter on November 17, 2009, as ordered by U.S. Magistrate Judge Nita L. Stormes;  b) an Order imposing terminating sanctions against Plaintiff for her willful failure to pursue this litigation; c) an Order awarding defendant County of Imperial it's reasonable expenses incurred in making this Motion to obtain this relief, including attorneys' fees, because of Plaintiff's willful disobedience of this Court's Orders; and, d) an Order for such further relief as this Court may deem just and proper.

4.    Throughout the course of these proceedings, I have been told and attended settlement conferences wherein Plaintiff suggests settlement offers only to decline the offers once made.  Plaintiff does not seem to be litigating this matter in good faith.

5.    Moreover, the County of Imperial has been and will continue to be prejudiced by Plaintiff's failure to pursue this litigation in that employee witnesses and third party witnesses have moved to locations unknown to defendant County of Imperial.  In particular, medical personnel who serve as independent contractors to the County jail and Plaintiff's neighbors have moved without any ability to re-locate these fact witnesses.

6.    My reasonable legal fees and travel costs in the amount of $891.52.  These fees and costs include my legal rate of $117.77 per hour for six hours totaling $706.62, my *per diem* in the amount of $64.00, the use of a County of Imperial vehicle including gas in the amount of $98.90, and parking in San Diego for the amount of $22.00.

7.    Moreover, County of Imperial will pay it's legal counsel Michael J. Pérez his legal rate of $300 per hour for attending the November settlement conference and preparing this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in El Centro, California, on December 14, 2009.

Kris M Becker

Kris M. Becker, Esq.

2                                          Case No.  08-CV-1767 L (NLS)

1   Michael J. Pérez, State Bar No. 151039
    PEREZ & WILSON LLP
2   1420 Kettner Boulevard, Suite 600
    San Diego, California 92101
3   Telephone: 619.702.8044
    Facsimile: 619.460.0437
4   perez@perezwilson.com

5   Attorneys for Defendant COUNTY OF IMPERIAL

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  KATHERINE AVILLA OWEN, an           Case No. 08 CV 1767 L (NLS)
    individual,
12                                      **Judge:  Hon. M. James Lorenz**

13          Plaintiff,                  **CERTIFICATE OF SERVICE**

14  v.

15  COUNTY OF IMPERIAL and DOES 1       Judge:          Hon. Nita L. Stormes
    through 30,                         Complaint Filed: September 26, 2008
16                                      Trial:          None Set

17          Defendant.

18

19          I, Michael J. Pérez, declare as follows:

20          I am employed with the law firm of Pérez & Wilson LLP, whose address is 1420 Kettner

21  Boulevard, Suite 600, San Diego, California 92101.  I am over the age of eighteen years, and am

22  not a party to this action.

23          On December 15, 2009, I served the following:

24          **DEFENDANT COUNTY OF IMPERIAL'S NOTICE OF MOTION AND MOTION
            FOR MONETARY AND TERMINATING SANCTIONS;**
25
            **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANT
26          COUNTY OF IMPERIAL'S MOTION FOR MONETARY AND TERMINATING
            SANCTIONS;**
27
28          **DECLARATION OF KRIS M. BECKER;**

                                        1

**DECLARATION OF MICHAEL J. PEREZ; and,**

**PROPOSED ORDER.**

on the interested parties in this action by:

| | |
|---|---|
| __X__ | **U.S. MAIL**:  I placed a copy in a separate envelope, with first-class postage fully prepaid, for each addressee named on the attached list for collection and mailing on the below indicated day following the ordinary business practices at Pérez & Wilson LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit. |
| ____ | **FACSIMILE:**  I sent a copy via facsimile transmission to the telefax number(s) indicated below pursuant to Federal Rules of Civil Procedure, Rule 5(b)(2)(E).  I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration |
| ____ | **OVERNIGHT MAIL:** I sent a copy via overnight mail, FedEx Airbill No. _____. |

by serving:

Katherine Avilla Owen                          Plaintiff In Pro Per
P.O. Box 266
Imperial, CA 92251

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court.  Executed this 15th day of December, 2009, at San Diego, California.

s/s Michael J. Pérez
_____
Michael J. Pérez