UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE AVILLA OWEN, <br><br>             Plaintiff, <br> v. <br> COUNTY OF IMPERIAL and DOES 1 through 30, <br><br>             Defendants. | Civil No. 08cv1767 L (NLS) <br><br> **ORDER DENYING MOTION TO RECUSE** <br><br> [Doc. No. 27] |

On February 16, 2010, as the last paragraph of a motion to extend the time to file a response to Defendant's motion for monetary and terminating sanctions, plaintiff Katherine Avilla Owen requested that Judge Stormes be recused from this case. The court construed her request as an independent motion for recusal, and set a hearing date of March 23, 2010. Defendant County of Imperial did not oppose the motion. Plaintiff bases her motion for recusal on an alleged failure to disclose a personal relationship with Defendant and bias in favor of defense attorney Mike Pérez. For the following reasons, the court **DENIES** Plaintiff's motion for recusal.

**Background.**

Plaintiff filed a complaint in Superior Court for battery, negligence and violation of the Americans with Disabilities Act of 1990. Plaintiff's claims arise from events stemming from her arrest by Defendant for an outstanding warrant based on excessive and harassing 911 telephone calls to Defendant. On September 26, 2008, Defendant removed the case to this court. The court held an Early Neutral Evaluation (ENE) on November 19, 2008. [Dkt. No. 6.]

1        At the ENE the parties appeared interested to continue settlement negotiations, such that the
2   court agreed to set a voluntary settlement conference with them for December 12, 2008. [Dkt. No. 6.]
3   Before that conference, the parties separately contacted the court.  Based on these communications, the
4   court determined that a continued settlement conference would not be fruitful at that time. [Dkt. No. 7.]
5   The court then set Rule 26 compliance dates and noticed a telephonic case management conference.
6   [Dkt. No. 6.]  The court held a case management conference on February 6, 2009 and issued a
7   scheduling order that day.  [Dkt. Nos. 9, 10.]
8        On May 14, 2009, Defendant filed a request to set another settlement conference. [Dkt. No. 11.]
9   Defendant's attorney, Mr. Pérez, attached an offer to compromise that Plaintiff had sent to him on
10  March 18, 2009.  Mr. Pérez stated that he had left two messages with Ms. Owen, one on March 23, 2009
11  and another shortly afterward, in an attempt to clarify her offer.  Because he never heard back, he sent
12  Ms. Owen a letter stating that he thought it would be in the interest of all parties to conduct another
13  settlement conference with Judge Stormes, and told her that he would contact Judge Stormes' chambers
14  to request a settlement conference date.  On June 1, 2009, in response to the notice, the court set a
15  telephonic status conference regarding settlement for June 19, 2009.  [Dkt. No. 12.]  On June 16, 2009,
16  Ms. Owen filed a motion to continue the status conference.  [Dkt. No. 14.]  She did not object to
17  holding the conference and in fact stated she was open to hearing Defendant's settlement offer.  The
18  court continued the status conference to June 26, 2009.  [Dkt. No. 13.]
19       The court held the status conference on June 26, 2009.  [Dkt. No. 15.]  Mr. Pérez, however, did
20  not appear at the scheduled time, and called in approximately 45 minutes late.  [Dkt. No. 15.]  The
21  court, by then, had already spoken to Ms. Owen and had set an order to show cause (OSC) hearing for
22  Mr. Pérez for why sanctions should not be imposed for his failure to comply with the court's order.
23  [Dkt. No. 16.]  Mr. Pérez filed a declaration explaining that he had mistakenly not calendared the status
24  conference, and in any event, he could not have participated at that time because he was on a flight that
25  had been delayed due to a lightning storm, and he did not land or have access to his phone until
26  approximately 30 minutes after the conference.  [Dkt. No. 17.]  Once he accessed his messages and
27  realized his mistake, he called into the court.  Based on his good cause statement and supporting
28  evidence, the court vacated the OSC and declined to impose sanctions.  [Dkt. No. 18.]

Meanwhile, Ms. Owen had spoke with Judge Stormes during the June 26, 2009 status conference. During that call Ms. Owen says she

> terminated all settlement conferences with Magistrate [Judge] Nita Stormes personally and informed her that Plaintiff would file a complaint for her unethical misconduct during the conference to include 1) failure to disclose a personal relationship with Defendant at the outset of the conference; 2) encouraging an unethical settlement; 3) making settlement conferences at the unilateral request of Attorney Perez.

Motion for Recusal, p.2 [Dkt. No. 27].

Ms. Owen appears to have filed or attempted to file a complaint for judicial misconduct in August 2009. Motion for Recusal, Ex. 3. In her motion for recusal, Ms. Owen refers to the judicial misconduct complaint as the basis for the recusal motion. *Id.* In that complaint, Ms. Owen alleges these, among other facts, regarding Judge Stormes' actions in this case:

- Ms. Owen is a disabled immigration attorney with limited experience in civil litigation compared to Mr. Pérez, and Judge Stormes should have been more conscientious "to ensure that the rights of a disabled person, a vulnerable person were being protected and she did not." ¶ 1.

- Judge Stormes conducted the ENE "with the intent of assisting Michael Perez, her colleague at the Federal Prosecutor's Office, to gain an advantage in the negotiations and settlement." ¶ 2.

- Before starting settlement negotiations, Judge Stormes failed to disclose her previous co-worker relationship with Mr. Pérez and obtain the parties' consent before going forward. ¶ 3.

- Ms. Owen learned of the work relationship when Judge Stormes mentioned it at the end of the ENE, and after Ms. Owen revealed private information to Judge Stormes and relied on her comments about her assessment of her claims. ¶ 4.

- Judge Stormes encouraged an unethical settlement where Defendant would dismiss criminal charges against Plaintiff and would pay Plaintiff a monetary sum to settle Plaintiff's civil claims. ¶¶ 5, 6.

- Ms. Owen believes Judge Stormes revealed her private health concerns to Mr. Pérez so that he could "attempt to take advantage of Petitioner's waning condition rather than make a reasonable offer to settle." ¶ 6.

- Judge Stormes ignored Ms. Owen's concerns about the settlement offer and sided with Mr. Pérez and his misconduct. ¶¶ 7-9, 12.

- Judge Stormes directly negotiated for Mr. Pérez. ¶ 18.

///

///

**Motion Properly Before this Court.**

As an initial matter, this issue is properly before Judge Stormes. The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *U.S. v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge") (internal quotations omitted).[1]

**Recusal Under 28 U.S.C. § 455.**

The relevant law regarding recusal provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455.

Section 455 was enacted to promote public confidence in the judiciary, and its goal "is to avoid even the appearance of partiality." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotations omitted). "If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists." *Id.* Not only does section 455 require that a judge be subjectively confident of her ability to be impartial, but the judge must also apply an objective test to determine "that an informed, rational, objective observer would not doubt [her] impartiality." *Bernard*, 31 F.3d at 844. The duty of a judge *not* to recuse where there are no proper grounds is as strong as the duty to recuse where there are valid grounds. *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

The alleged bias or prejudice must stem from an extrajudicial source. *U.S. v. Hernandez*, 109

---

[1] Further, consideration of recusal by another judge is inappropriate under 28 U.S.C. § 144, which allows another judge to hear the matter if a party shows, by affidavit, that the judge "has a personal bias or prejudice" against the party." 28 U.S.C. §144. Here, a transfer under section 144 is not appropriate because Plaintiff has not shown a personal bias or prejudice. Further, section 144 applies only to district judges. *See* Alan Hirsch and Kay Loveland, *Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 and 144*, p.2 (Fed. Judicial Center 2002).

F.3d 1450, 1454 (9th Cir. 1997). "Put differently, the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *Holland*, 519 F.3d at 914 (citing *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)). A section 455(a) analysis must be guided by an independent examination of the facts and circumstances at issue rather than a comparison to other cases. *Holland*, 519 F.3d at 914 (citations omitted).

Incorporating these principles, courts shall engage in the following two-step process to determine whether recusal is required. Either test can serve as a basis for recusal. *Holland*, 519 F.3d at 914. First, the judge shall apply the objective standard to determine whether there is even an appearance of partiality. *Id.* The test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 714 (9th Cir. 1990) (internal quotations omitted). A "reasonable person" under section 455 is not "hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Holland*, 519 F.3d at 913 (internal quotations omitted). Second, the judge must apply a subjective standard "to determine whether [she] can be truly impartial when trying the case." *Holland*, 519 F.3d at 915.

Here, the conduct complained of centers solely on the judge's conduct during proceedings in this case. Plaintiff believes that because the judge previously worked in the same government office as Defendant's attorney, the judge automatically felt an allegiance to him and his client. Plaintiff feels that the judge revealed Plaintiff's private information to Mr. Pérez and then tried to strong-arm Plaintiff into accepting a settlement that would have been advantageous to Defendant and not to Plaintiff.

Applying the objective test, Plaintiff's beliefs simply are not true. The record shows that at the ENE the parties discussed a potential settlement, and then when it became clear to the court that the parties were too far apart to actually agree to settle, the court vacated the continued settlement conference. Since that initial ENE over 16 months ago, the court has not held any more settlement conferences with both parties and the parties still have not settled the case. Plaintiff, therefore, is hard-pressed to say she was being forced to settle. Second, it is the role of a settlement judge to encourage negotiations and relay offers and other authorized information back and forth between parties. It appears that Judge Stormes relayed offers between the parties. While Plaintiff may believe the judge

"sided" with Defendant, such a statement cannot be made as a matter of fact because in the context of a settlement negotiation, it is equally possible for Defendant to have held the very same subjective belief. Third, the conduct complained of has only arisen in the context of these proceedings, and the judge's conduct here cannot form the sole basis of recusal under section 455(a).

Plaintiff's beliefs appear to be more hypersensitive or unduly suspicious rather than well-founded and supported by evidence. A reasonable, well-informed person would conclude there is no appearance of bias here because nothing in the record shows that Judge Stormes harbored or showed any favoritism to Defendant. Judge Stormes served as a go-between the parties during the ENE--as any settlement judge should do--and when the parties later appeared to have difficulties communicating with each other, she attempted to facilitate bringing them together. Further, Plaintiff never objected to a continued discussion concerning settlement in June 2009 and in fact stated "I am open to any offer Mr. Pérez may present to me." Dkt. No. 14. Finally, Judge Stormes is not the trial judge in this case, and does not have any ultimate authority over any dispositive issue in this case. The parties never agreed to settle the case and no further settlement conferences are set before Judge Stormes. Based on these facts, an objective view of this case does not show even an appearance of any partiality on the part of Judge Stormes.

Looking at the case subjectively, this judge has believed and believes she can be truly impartial in her duties for this case. Working in this federal court, several of the cases before her involve parties represented by her previous colleagues from the U.S. Attorney's Office.[2] She sees previous colleagues in her capacity as a judge as a matter of course. Nothing about this case is any different than any of the other several cases she handles that involve previous colleagues. Consequently, nothing has arisen here to make her think she has been and will continue to be anything but completely impartial in this case. Moreover, just as judges have an obligation to recuse when their impartiality may reasonably be questioned, judges also have an obligation to refrain from recusal when there is no basis for disqualification. *See Holland*, 519 F.3d at 912.

/ / /

---

[2] The court takes judicial notice that Judge Stormes took the bench in January 2000, so over ten years have passed since she worked in the U.S. Attorney's Office.

1 | The court, therefore, **DENIES** Plaintiff's motion for recusal.

2 | **IT IS SO ORDERED.**

3 | DATED: March 25, 2010

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court