1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

KATHERINE AVILLA OWEN,              )    Civil No. 08cv1767 L (NLS)
11                                          )
                         Plaintiff,         )    **REPORT AND RECOMMENDATION**
12   v.                                     )    **FOR ORDER GRANTING MOTION**
                                            )    **FOR TERMINATING SANCTIONS**
13   COUNTY OF IMPERIAL and DOES 1          )    **AND DISMISSING CASE WITHOUT**
     through 30,                            )    **PREJUDICE**
14                                          )
                         Defendants.        )    [Doc. No. 21]
15   _____        )

16          The court held an Order to Show Cause (OSC) hearing for why sanctions, up to and including

17   terminating sanctions, should not be imposed against pro se plaintiff Katherine Avilla Owen, for her

18   failure to appear at the court-ordered Mandatory Settlement Conference (MSC), and for why this action

19   should not be dismissed for failure to prosecute.  For the following reasons, the **RECOMMENDS** that

20   this case be **DISMISSED without prejudice** without awarding any relief to Plaintiff.  The court

21   addresses the issues of monetary sanctions in an order issued contemporaneously with this report and

22   recommendation.

23   **Factual Background.**

24          Plaintiff, a retired JAG officer and currently an immigration attorney, sues Defendant for battery,

25   negligence and violation of the Americans with Disabilities Act (ADA) of 1990.  The claims arise from

26   events stemming from her arrest by Defendant for an outstanding warrant based on excessive and

27   harassing 911 telephone calls to Defendant.  Specifically, Plaintiff claims she was unlawfully arrested

28   for calling 911 after she was allegedly attacked by a drug trafficker on her property.  Compl. ¶ 2.  In her

battery claim, Plaintiff complains that while in custody, she was put in a cell with a heroin addict, left without her cane, and was knocked over by other inmates as she left her cell.  Compl. Count 1.  In her negligence claim, Plaintiff alleges Defendant did not allow her to bring her cane with her into her cell nor helped her walk, and Defendant failed to provide her with her medication.  Compl. Count 2.  In her ADA claim, Plaintiff alleges Defendant denied her the bare necessities to accommodate her disability.  Compl. Count 3.

Defendant denies it mistreated Plaintiff in any way during the arrest or while she was in custody.  It asserts her allegations are false and her claims are meritless.

The court held an Early Neutral Evaluation in this matter on November 19, 2008.  It held a telephonic case management conference on February 6, 2009.  It also held a telephonic status conference on June 26, 2009.  Plaintiff appeared at those three conferences.

According to Defendant, Plaintiff has told defense counsel, Mike Pérez, that she intended to dismiss this matter entirely.  Pérez Decl. ¶ 3.  But Plaintiff has failed to do so.  Pérez Decl. ¶ 3.  Plaintiff alleges that her offers for dismissal were specific and required Mr. Pérez to respond in writing within a specific time, and he failed to respond.  Pl.'s Obj., p.4.  On August 21, 2009, Plaintiff served Defendant with a document captioned "Request to Dismiss Action Without Prejudice."  Pérez Decl. ¶ 4.  But Plaintiff never filed that document with the court.  Pérez Decl. ¶ 4.  Plaintiff alleges Defendant denied the offer in writing.  Pl.'s Obj., p.4.

At the only other court-ordered appearance to date--the MSC--Plaintiff failed to appear.

According to the February 2009 scheduling order, the parties were to have complied with the pretrial disclosure requirements by February 22, 2010 and were to have met and conferred according to Civil Local Rule 16.1(f)(4) by March 1, 2010.  On March 4, 2010, the court sua sponte continued those dates, other pretrial dates and the pretrial conference date.

The court held an OSC on March 23, 2010 regarding Plaintiff's failure to appear at the MSC.  At the same time, it held a motion hearing for Defendant's motion for terminating sanctions and Plaintiff's motion for recusal.  Plaintiff appeared at the OSC and motion hearing.

At the OSC, the court asked Plaintiff how she has prepared this case for trial.  Plaintiff stated that she did not obtain the February 9, 2009 scheduling order in this case until March 22, 2010.  She said she

1  has not propounded any discovery in this case.  Neither has Plaintiff deposed anyone.  She did not

2  provide initial disclosures or meet and confer with defense counsel.

3      Toward the end of the hearing, Plaintiff clarified a statement in her opposition that said she

4  would dismiss "the claim" without prejudice.[1]  At oral argument, Plaintiff explained she was willing to

5  dismiss this entire case without prejudice because she is sick at this time.  Plaintiff said she suffers from

6  depression, post traumatic stress syndrome, diabetes, recent surgery and emotional problems.  Plaintiff

7  believes that if given time to rest, she will be able to prosecute this case at a later time.  Defendant said

8  it would not object to dismissal without prejudice if the court determined it was in the best interests of

9  the parties and the court.

10  **Discussion.**

11      In the written motion, Defendant argues this case should be dismissed with prejudice for

12  Plaintiff's willful failure to prosecute this litigation.  In her written opposition, Plaintiff asserts she has

13  been participating in this litigation and that she failed to attend the MSC because she did not know about

14  it.  At oral argument Plaintiff also requested that this case be dismissed, but without prejudice.  The

15  court agrees with both parties that dismissal is appropriate at this time.  The only remaining question is

16  whether the dismissal should be with or without prejudice.

17      The Ninth Circuit has a established the following five factors to determine whether to dismiss a

18  claim for failure to prosecute or failure to comply with a court order: (1) the public's interest in

19  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

20  defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

21  of cases on their merits.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v.*

22  *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

23      The public has an interest in expeditiously resolving litigation, which weighs in favor of

24  dismissal.  *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th

25

26      [1]Plaintiff stated she "will provide the court with a Voluntary Dismissal of the claim without
   prejudice pursuant to Rule 41(a)(2)."  Pl.'s Obj., p.5.  The court could not rely on this statement alone as
27  an affirmation that Plaintiff would dismiss this case.  First, Plaintiff did not identify which claim she
   would dismiss.  Second, dismissal under Rule 41(a)(2) is not automatic.  The court would need to order
28  the dismissal and consider any prejudice to Defendant when determining whether dismissal should be
   with or without prejudice.

Cir. 1999)).  Here, the parties agree that dismissal is appropriate.  Dismissal would expeditiously resolve this litigation.  If dismissal is with prejudice, Plaintiff can never return to prosecute her case.  If it is without prejudice, Plaintiff can return within the allotted statutory time, but there is also a chance she will not return to prosecute the case.  This court finds that dismissal either with or without prejudice would serve the public interest.

District courts must "manage their dockets without being subject to the endless vexatious noncompliance of litigants."  *Ferdik*, 963 F.2d at 1261; *see Pagtalunan*, 291 F.3d at 642.  If this matter is dismissed without prejudice, Plaintiff could return to this court within the allotted statutory time to finish prosecuting her case.  The only remaining dates, however, are for pretrial preparation, the pretrial conference and trial.  Discovery is closed.  If Plaintiff returns, all further proceedings would be before the district judge.  Allowing Plaintiff to return would likely not require substantial court resources from the magistrate judge.  At this time it is unclear what, if any, resources would be required from the district judge, because Plaintiff has not conducted any discovery and has not otherwise prepared this case for trial.  From this court's perspective, it appears dismissal without prejudice, as opposed to dismissal with prejudice, would not cause a substantial burden on this court's resources.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).  "[P]endency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.  *Id.* (citing *Yourish*, 191 F.3d at 991).  But unnecessary delay "increases the risk that witnesses' memories will fade and evidence will become stale."  *Id.*  Here, Defendant asserts that with the passage of time, key witnesses are increasingly difficult to locate, such as: Plaintiff's neighbors who were the subject of her numerous calls to 911, inmates who were possibly housed with Plaintiff while she was in custody, jail employees who may have been witnesses to the alleged events, and third party vendors working at Defendant's holding facility who may have witnessed the alleged events.  Pérez Decl. ¶ 6.  These factors weigh in favor of dismissal with prejudice.  But at oral argument, Defendant also said that it would not be opposed to a dismissal without prejudice.  Relying on Defendant's assertion at oral argument, the court finds that dismissal of this case without prejudice would be appropriate.

The Ninth Circuit has set forth a three-part analysis to determine whether a district court has properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate: (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would be inappropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412-13 (9th Cir. 1990) (citing *Malone*, 833 F.2d at 130). Here, Plaintiff knew of the possibility of dismissal, filed a written opposition to it and argued against a dismissal with prejudice at the hearing. The court finds that a less-drastic dismissal without prejudice would be appropriate.

Finally, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor weighs in favor of a dismissal without prejudice.

This court, therefore, **RECOMMENDS** that the district judge **GRANT** the motion for terminating sanctions and **DISMISS** this case **without prejudice.** A dismissal without prejudice may accord Plaintiff an opportunity to continue to prosecute her claim at a future date, subject to any statute of limitations defenses that may be asserted.

The court submits this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than ***April 8, 2010*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***April 15, 2010.*** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  March 25, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

08cv1767 L (NLS)