UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE AVILLA OWEN, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF IMPERIAL and DOES 1 through 30, <br><br> Defendants. | Civil No. 08cv1767 L (NLS) <br><br> **ORDER FOLLOWING ORDER TO SHOW CAUSE HEARING AND IMPOSING SANCTIONS FOR FAILURE TO ATTEND MANDATORY SETTLEMENT CONFERENCE** |

The court held an Order to Show Cause hearing for why sanctions, up to and including terminating sanctions, should not be imposed against plaintiff Katherine Avilla Owen, for her failure to appear at the court-ordered Mandatory Settlement Conference (MSC), and for why this action should not be dismissed for failure to prosecute. For the following reasons, the court imposes sanctions against Ms. Owen in the form of awarding defendant County of Imperial its reasonable expenses incurred in attending the MSC. The court addresses the issues of terminating sanctions and failure to prosecute in a report and recommendation to the district judge issued contemporaneously with this order.

**Background.**

Plaintiff sues Defendant for battery, negligence and violation of the Americans with Disabilities Act of 1990. The claims arise from events stemming from Plaintiff's arrest by Defendant for an outstanding warrant based on excessive and harassing 911 telephone calls to Defendant. Defendant denies it mistreated Plaintiff in any way during the arrest or while she was in custody.

This court issued a Scheduling Order that set a MSC with all parties for November 17, 2009.

Plaintiff Katherine Owen did not appear at the MSC. Defendant's attorney Michael Pérez, and a client representative from the County of Imperial, appeared at the MSC. After waiting for some time for Ms. Owen to appear, the court recorded her non-appearance on the record.

On November 18, 2009, the court set the hearing date of January 12, 2010 for an Order to Show Cause hearing (OSC) and a hearing for Defendant's motion for terminating sanctions. The court asked Defendant to "include a declaration of costs incurred for Defendant and Defendant's counsel to appear at the . . . MSC." OSC Order, p.2 [Doc. No. 20]. On December 15, 2009, Plaintiff filed a request to extend the time for her to file a response. She said that she was recovering from major surgery and needed additional time to recover before responding to the OSC and the motion. The court granted the request and reset the OSC and motion hearing to January 26, 2010. Then, on January 12, 2010--the day her response and opposition were due--Plaintiff filed a second request for extension of time to respond based on further medical complications. The court granted the request and reset the OSC and hearing for the motion for terminating sanctions to March 2, 2010. The court noted it would not grant Plaintiff any further requests to continue the hearings absent extraordinary circumstances.

On February 16, 2010, Plaintiff filed a third motion for an extension of time to file a response to the OSC and the motion for terminating sanctions. She also simultaneously filed a motion for recusal of Judge Stormes. In her request for extension, Plaintiff cited to multiple health issues and work conflicts. The court found good cause to grant the third request for extension. It reset the hearing date to March 23, 2010 for the OSC and motion for terminating sanctions. The court also set March 23rd as the hearing date for Plaintiff's motion for recusal.

**Discussion.**

On February 9, 2009, this court issued a scheduling order that set a MSC with all parties for November 17, 2009. Plaintiff did not appear at the MSC. Defendant seeks to compel Plaintiff to pay its reasonable legal fees and travel costs incurred to attend the court-ordered MSC on November 17, 2009, as well as the costs for bringing the motion for terminating sanctions. Plaintiff says she was not aware of the MSC because she did not receive the February 2009 scheduling order in the mail. She also argues she had no expectation there would be future settlement conferences because on December 11, 2008, the court had terminated a voluntary settlement conference that had been set for December 12, 2008.

Courts have the power to sanction parties for not attending court-ordered conferences:

> [T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. Proc. 16(f)(1). When imposing a sanction under Rule 16(f)(1),

> Instead of or in addition to any other sanction, the court **must** order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any non-compliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 16(f)(2) (emphasis added).

Here, Plaintiff admits she appeared telephonically at the February 2009 case management conference. Pl.'s Objection, p.3. She says that Judge Stormes "advised the parties that the Schedule [*sic*] order would be forwarded by mail." *Id.* According to the docket, the scheduling order was mailed out to Plaintiff on February 9, 2009. The scheduling order included not only the date for the MSC, but also all case-related dates and deadlines, such as deadlines related to experts, discovery, motion filings and pretrial requirements, and the date of the pretrial conference. Plaintiff should have been aware of all these dates when litigating her case. Further, since the court advised her the scheduling order was coming to her in the mail, she should have contacted the court if she did not receive it within three days. Finally, the court maintains the official record for this case electronically through the CM/ECF system, and the docket is available through the PACER website. *See Electronic Case Filing Admin. Policies & Procs. Manual*, p.2. Plaintiff could have accessed the order at any time electronically, and as a self-represented party, had a duty to keep herself informed of all court orders. Based on these facts, Plaintiff's claim that she never received the scheduling order does not constitute substantial justification for missing the MSC.

Next, Plaintiff argues the MSC should have never gone forward because on December 9, 2008, Plaintiff terminated any future settlement with Mr. Pérez because he allegedly acted in bad faith when he proposed a settlement. Pl.'s Objection, p.4. She also argues that because in June 2009 Mr. Pérez requested a status conference to determine if a settlement conference would be "fruitful," he should have been estopped from going forward with the November 2009 MSC because the court was never able to

determine whether a settlement conference would be fruitful. Finally, Plaintiff argues that because Judge Stormes had terminated a voluntary settlement conference that had been set in December 2008, the parties should have had no expectation that any further settlement conferences would be held.

The scheduling order setting the MSC was issued on February 9, 2009, approximately two months after the court determined it would not hold the December 12, 2008 voluntary settlement conference. Because the February 2009 scheduling order was the most recent order, the orders within it were controlling and the parties were bound to abide by it. Further, the December 2008 determination that the court would not hold a voluntary conference at that time had nothing to do with the court--in February 2009--setting a MSC for November 2009. The purpose of the MSC was to bring the parties together after discovery was complete and dispositive motions were filed, and before the pretrial conference. In short, there is no basis--and no court order--on which the parties could have formed the "expectation" that no further settlement conference would be conducted. Consequently, Plaintiff's unfounded belief that there would not be further settlement conferences does not constitute substantial justification for her absence from the MSC.

Based on the lack of substantial justification for Plaintiff's actions, the court must award sanctions in the form of Defendant's reasonable expenses incurred due to Plaintiff's failure to attend the MSC. Further, Plaintiff has not shown any other circumstances that would make an award of expenses unjust.

In his declaration, Defendant's attorney Michael Pérez invoiced Defendant $1,500.00 for legal fees incurred in connection with his preparation for and attendance at the MSC and preparation for the motion for monetary and terminating sanctions. Mr. Pérez bills at $300 per hour. The $1,500 amount is based on the following actions:

- One hour to prepare for and attend the MSC; and
- Four hours to prepare the motion for monetary and terminating sanctions.

Pérez Decl. ¶ 10. The court finds that Mr. Pérez's billing rate of $300 per hour is a reasonable rate and that one hour to prepare for and attend the MSC was also reasonable. The court, however, will not award sanctions for Mr. Pérez's time to prepare the motion for monetary and terminating sanctions.

Defendant's client representative, Kris Becker, Senior Deputy County Counsel for the County of

Imperial, traveled from El Centro to San Diego to attend the MSC, as required by the court's scheduling order. Becker Decl. ¶¶ 1-2. Defendant incurred an additional $891.52 by having Ms. Becker attend the MSC. Ms. Becker bills at $117.77 per hour, and her costs break down as follows:

- Six hours to travel to and from and attend the MSC;
- Per diem in the amount of $64.00;
- Use of a County of Imperial vehicle and gas in the amount of $98.90; and
- Parking in San Diego in the amount of $22.00.

Becker Decl. ¶ 6. The court finds that Ms. Becker's billing rate, time spent to attend the MSC and expenses are reasonable.

**Order.**

The court awards sanctions to Defendant and **ORDERS** Plaintiff to pay the expenses incurred by Defendant and its counsel to attend the MSC in the amount of **$1191.52**. Plaintiff shall remit the $1191.52 to Defendant's counsel no later than **April 5, 2010**.

**IT IS SO ORDERED.**

DATED: March 25, 2010

*(signature)*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court